**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTOIN D. JOHNSON,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br> MEGAN J. BRENNAN,  )<br> *Postmaster General,*  )<br> *United States Postal Service*,  )<br>  )<br>  Defendant.  )<br>  ) | Case No. 4:19-cv-02899-JAR |

# **MEMORANDUM AND ORDER**

Defendant Megan J. Brennan filed a Motion to Dismiss on November 22, 2019. (Doc. 8.) Plaintiff Antoin D. Johnson failed to respond within the time allowed by local rule and the Court dismissed the case without prejudice on June 23, 2020. E.D.Mo. L.R. 4.01(B); (Doc. 11). The Court issued an Amended Order (Doc. 11), because its initial Order (Doc. 10), included the wrong case number.

On July 9, Defendant notified the Court that, on June 30, she had received "an untitled pleading" from Plaintiff apparently explaining her failure to respond within time. (Doc. 12.) Because several days passed without the pleading being docketed, Defendant forwarded a copy to the Court. (*Id*.) The pleading reproduced the incorrect case number mistakenly included in the Court's initial dismissal order. (*See* Docs. 10, 12-1.) The Court therefore concludes that the pleading was filed after Plaintiff received, and in response to, the Court's dismissal, and will direct the Clerk to detach the exhibit and file it as a filing by Plaintiff, and will liberally construe the pleading as a motion to reconsider the dismissal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## Legal Standard

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Bracht v. Grushewshy*, No. 4:04CV1286 HEA, 2007 WL 43847, at *1 (E.D. Mo. Jan. 4, 2007) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

## Discussion

Plaintiff asserts that she "was unaware that court(s) was in session accepting documents, currently to Cov19." (Doc. 12-1.) She adds that the initial dismissal order "has the wrong date and year." (*Id.*)

The Court will deny Plaintiff's motion to reconsider. The COVID-19 pandemic has inserted a great deal of uncertainty and irregularity into nearly every aspect of society, and the Judiciary has not been immune. Nevertheless, the Court concludes that uncertainty did not cause and does not excuse Plaintiff's delay in this case.

Defendant's motion to dismiss was filed November 22, 2019. Plaintiff's response was therefore due December 6, 2019. E.D.Mo. L.R. 4.01(B). The Court notes that it never stopped accepting filings, which Plaintiff could have easily confirmed in a number of different manners. Moreover, there was no change or interruption in the Court's normal operations until March 2020. Plaintiff's response was long overdue—and her complaint was subject to dismissal—before the

COVID-19 pandemic had any effect on her case. Likewise, the Court's typographical errors do not excuse Plaintiff's failure to respond.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to **DETACH AND FILE** Plaintiff's pleading. (Doc. 12-1.)

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider (Doc. 12-1), is **DENIED** and this case is **DISMISSED without prejudice**.

Dated this 13th day of July, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE